# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

EDDIE PRITCHETT,

    Plaintiff,                      CASE NO. 05-CV-10135-BC

v.                                  DISTRICT JUDGE DAVID M. LAWSON
                                      MAGISTRATE JUDGE CHARLES BINDER

MARLENE JOHNSON,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON GOVERNMENT'S MOTION TO DISMISS COMPLAINT
(Dkt. 2)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the Government's Motion to Dismiss Complaint be **GRANTED**.

**II.    REPORT**

    **A.    Introduction and Facts**

Pending, pursuant to an Order of Reference from United States District Judge David Lawson, is the above-entitled motion. Plaintiff has filed a response opposing the motion (Dkt. 4), and Defendant has filed a reply (Dkt. 5). Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

Plaintiff originally filed this action in Saginaw County Michigan Circuit Court in late January 2005. The three-page complaint alleges that Plaintiff was employed by the Veterans Administration as a nursing assistant at the Veterans Administration Hospital located in Saginaw, Michigan, and that Defendant was Plaintiff's nursing supervisor. (Compl., Dkt. 1 ¶¶ 4,6.) According to the complaint, on or about December 30, 2002, Plaintiff became ill while at work and was forced to stop work and rest in a quiet place. (Compl., Dkt. 1 ¶ 5.) Plaintiff alleges that Defendant Johnson was called to the room to investigate and ordered Plaintiff "to return to work or be written up for insubordination." (*Id*. ¶ 7.) The complaint sounds in negligence alleging that Defendant Johnson had duties to conduct herself in a "safe, proper and negligent free manner," and to use "due care and caution" when dealing with Plaintiff. (*Id*. ¶ 8.) The complaint alleges that as a result, "Plaintiff was seriously injured when Defendant pulled on his hand and arm to raise him from a seated position[,]" resulting in injuries to Plaintiff's right thumb and hand. (*Id*. ¶¶ 10-11.) The complaint seeks an award of damages in an amount greater than $25,000.00. (*Id*. ¶ 13.) An Assistant United States Attorney, acting on behalf of the individual Defendant, removed the case to this Court on May 9, 2005. (Dkt. 1.) Seven days later, the instant motion was filed.

**B.    Arguments of the Parties**

Citing Rules 12(b)(1-6) of the Federal Rules of Civil Procedure, the government argues that negligence alleged of government employees is governed by the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., and that the United States is the only proper party defendant pursuant to 28 U.S.C. § 1346(b). The government next argues that this action is premature, since Plaintiff did not complete the appropriate administrative claim procedure prior to the filing of his complaint. The government also argues that the claim alleged involved a work-related injury for which the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 *et*

*seq*., provides the exclusive remedy. Finally, the government argues that the service of process upon the federal government required by Rules 4(i)(1)(A) & (B) of the Federal Rules of Civil Procedure was not accomplished in that the United States Attorney for this district was never served.

Attached to the government's motion is a declaration of Roland Bessette, regional counsel for the Department of Veterans Affairs. He avers that no administrative claims for the injuries alleged in this complaint have ever been filed with the Department of Veterans Affairs, that Ms. Johnson is an employee of the United States, and at the times averred in the complaint was acting within the scope of her position and appointment. (Mot., Dkt. 2, Ex. A.) Also attached to the motion is a declaration of Gabriel Perez, director of the Saginaw Veterans Hospital. He avers that he is familiar with both Plaintiff and Defendant, as well as with the incidents alleged in Plaintiff's state court complaint, and states that at all relevant times Defendant Johnson was acting within the scope of her employment. (*Id*., Ex. B.) Additional exhibits to the motion include records of the U.S. Department of Labor Office of Workers' Compensation Programs notifying Plaintiff that he had been accepted for compensation based upon a finding of work-related injury. (*Id*., Exs. C & D.) The final exhibit attached to the motion is a declaration of a senior legal assistant with the Civil Division of the United States Attorney's Office for this district, stating that service of Plaintiff's complaint was never made upon the United States Attorney.

Plaintiff argues in his response that the United States has failed to comply with the provisions of 28 U.S.C. § 2679(c) and (d), and that Ms. Johnson's actions were in fact outside the scope of her employment. In its reply, the government argues that "although plaintiff is technically correct at the time . . . [the motion to dismiss was filed], all the steps set forth in 28 U.S.C. § 2679 had not been finalized . . . all such requirements have now been fulfilled." (Reply, Dkt. 5 at 4.)

Attached to the government's reply is a certification of an Assistant United States Attorney, stating that "on the basis of the information now available with respect to the incident referred to therein, the individual federal defendant, Marlene Johnson, was acting within the scope of her employment as an employee of the United States at the time of such incident." (*Id*., Ex. A.)

### C.   Analysis and Conclusions

#### 1.   Governing Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal for failure to state a claim upon which relief can be granted. "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir.1984)). Accordingly, when deciding a dismissal motion, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

#### 2.   Discussion

##### a.   Federal Employees' Compensation Act – Exclusive Remedy

The government argues that Plaintiff's claim is barred by operation of the Federal Employees' Compensation Act, 5 U.S.C. § 8101 *et seq*. Plaintiff's complaint unequivocally states that at the time he was injured, "Plaintiff was employed as a nursing assistant" at the Veterans

4

Administration Hospital located in Saginaw, Michigan. (Compl., Dkt. 1 ¶¶ 3-4.) The Veterans Administration is a department of the Executive Branch of the United States Government. With equal clarity, Plaintiff states that Defendant Johnson was "Plaintiff's nurse manager[.]" Exhibits attached to the government's motion indicate that in February 2003, a claim made by Plaintiff for workers' compensation for the injuries alleged in his complaint was accepted, and Plaintiff was granted federal workers' compensation benefits in the form of a continuation of pay for up to 45 days. (Def.'s Mot., Dkt. 2, Ex. C.)

The case of *McEntee v. Henderson*, 154 F. Supp. 2d 1286 (S.D. Ohio 2001), and the principles cited therein, are, I suggest, analogous, controlling and dispositive of the instant motion. There, as in this case, a postal service employee filed suit for workplace injuries sustained as part of his employment as an elevator mechanic with the postal service. The plaintiff in that case asserted counts of intentional tort and negligent infliction of emotional distress, all based upon the injuries he sustained while at work. As in this case, Plaintiff applied for and was awarded workers' compensation benefits. As in this case, the government filed a motion to dismiss, arguing, among other things, that the claim was barred by the operation of the FECA. The court agreed, stating:

> . . . FECA provides the exclusive remedy for federal employees with respect to workplace related injuries. As set forth in 39 U.S.C. § 1005(c), Postal Service employees are specifically covered by FECA. In this regard, 5 U.S.C. § 8116(c) provides as follows:
>
>> The liability of the United States . . . under this subchapter . . . with respect to the injury or death of an employee *is exclusive and instead of all other liability under the United States* . . . to the employee . . . because of the injury or death in a direct judicial proceeding, in a civil action . . . or under a Federal tort liability statute.
>
> *Id.* (emphasis added).

5

The Supreme Court addressed the exclusivity of FECA in *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94, 103 S. Ct. 1033, 74 L. Ed. 2d 911 (1983), and noted the following:

> FECA's exclusive-liability provision was enacted in substantially its present form in 1949 . . . It was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise--the "quid pro quo"--commonly found in workers' compensation litigation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for legislation, but in return they lose the right to sue the Government.

*Lockheed Aircraft*, 460 U.S. at 193-94, 103 S. Ct. 1033 (citing H.R. Rep. Bill. 729, 81st Cong., 1st Sess., 14-15 (1949)).

Thus, "once an injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court." *Jones v. Tennessee Valley Authority*, 948 F.2d 258, 265 (6th Cir. 1991); *see also Saltsman v. United States*, 104 F.3d 787, 790 (6th Cir. 1997) ("The statute certainly provides the exclusive remedy for all damages arising out of a discrete personal injury which kills or disables an employee.") (citing *Figueroa v. United States*, 7 F.3d 1405, 1408 (9th Cir. 1993) (upholding the dismissal of FTCA claims regarding mental distress when the distress derived from the plaintiffs concerns their physical injuries)); *Baker v. Barber*, 673 F.2d 147, 148 (6th Cir. 1982) ("This provision precludes recovery under the Tort Claims Act if relief is already available under the FECA.").

. . . [T]he exclusivity of FECA is applicable, even if FECA does not afford an injured employee all of the elements of damage that could be obtained in an action brought under the FTCA. *See Saltsman*, 104 F.3d at 790 ("Plaintiffs cannot avoid the exclusive and limited nature of relief under FECA by labeling their various damages as an array of different claims to which defendant is subject, some covered by FECA and some not."); *see also Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992); *Griffin v. United States*, 703 F.2d 321, 322 (8th Cir. 1983). Moreover, there is no intentional tort exception to FECA exclusivity. *See McDaniel v. United States*, 970 F.2d 194, 197-98 (6th Cir. 1992) (holding that a claim for intentional infliction of emotional distress was precluded by FECA); *Jones*, 948 F.2d at 265 (same); *Heilman v. United States*, 731 F.2d 1104, 1111 n. 6 (3d Cir. 1984) (same).

*McEntee v. Henderson*, 154 F. Supp. 2d 1286, 1290 -1291 (S.D. Ohio 2001).

I suggest that these principles apply with equal force to the instant case. As in *McEntee*, Plaintiff here is an employee of a department of the Executive Branch of the United States

6

Government. *See* 5 U.S.C. § 8101(1)(B).[1] Plaintiff alleges injuries suffered while at work and for which he applied and received federal workers' compensation benefits. I suggest, therefore, that the instant claim is barred by the "quid pro quo" underlying the FECA, and as a result, the grant of Defendant's motion is appropriate.

### b.   FTCA – Failure to Exhaust Administrative Remedies

In the interest of completeness and judicial economy on appeal, I note in the alternative that Plaintiff brought this action sounding in tort against an employee of the United States in a state court for alleged negligence on the part of Defendant Johnson, whom Plaintiff alleges is another government employee, and the action was removed to this Court. The United States Attorney, acting for the Attorney General, has certified that Defendant Johnson was acting within the scope of her employment at the time of the incident out of which the suit arose. (Def.'s Mot., Dkt 5, Ex. A.) As a result, from the unambiguous allegations of the complaint, I can come to no other conclusion but that these proceedings must now be deemed to be a tort action brought against the United States, to which the FTCA applies. 28 U.S.C. § 2679(d).[2] Plaintiff's arguments to the

---

[1] This statute provides in pertinent part:

For the purpose of this subchapter – (1) "employee" means –

> (A) A civil officer or employee of any branch of the Government of the United States, including an officer or employee of an instrumentality wholly owned by the United States[.]

5 U.S.C.A. § 8101(1)(A).

[2] The relevant provisions of this section provide:

> **(d)(1)** Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

7

contrary lack merit, as all the requirements set forth in the FTCA for the United States to assume the defense of this action have been met. *Id.* As a result, government attorneys are required to defend the actions, 28 U.S.C. § 2679(c),[3] and any other civil actions which might be brought against the original defendant by reason of this same subject matter are excluded. 28 U.S.C. § 2679(b)(1).[4] Defendant Johnson is thus relieved of any liability to this Plaintiff for any act or omission which gave rise to these claims, since if any party is now liable to this Plaintiff, it is the United States.

It is settled law that where administrative exhaustion is prescribed by statute as a prerequisite to the district court's jurisdiction, as is the case with the FTCA (28 U.S.C. § 2675(a)),[5]

---

（**2**) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

[3]The relevant provisions of this section provide that:

(**c**) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. . . .

[4]The relevant provisions of this section provide that:

. . . Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

[5]The relevant provisions of this section provide that:

(**a**) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to

8

a failure to exhaust precludes the court from taking jurisdiction of the case. *See Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002)(stating that "we have held that the failure to file a timely administrative claim under the FTCA bars federal jurisdiction")(*citing Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982)); *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (2d ed.1990). There is no allegation that Plaintiff undertook the required administrative proceedings. I therefore suggest that Plaintiff's claim in this Court is barred under the FTCA, and that on this alternative ground also supports the grant of the government's motion.[6]

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*,

---

make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

[6]For similar reasons, I also suggest that the government's remaining arguments have merit and serve as additional alternative bases supporting the grant of the requested dismissal.

9

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                     s/ *Charles E Binder*
                                                    CHARLES E. BINDER
Dated: August 31, 2005                         United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on James A. Brunson, and served in the traditional manner on Jack L. Schreiman and Honorable David M. Lawson.

Dated:  August 31, 2005                        By     s/Mary E. Dobbick
                                                                        Secretary to Magistrate Judge Binder