UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE PRITCHETT,

Plaintiff,

Civil No. 05-10135-BC
Honorable David M. Lawson

v.

MARLENE JOHNSON,

Defendant.
_____________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter is presently before the Court on objections to a report filed by Magistrate Judge Charles E. Binder, acting under an order of reference, recommending that the Court allow the United States to substitute as the defendant in this case and grant the motion to dismiss the complaint. The plaintiff filed timely objections, to which the defendant responded, and the matter is before the Court for a *de novo* review. The Court finds that the plaintiff's objections lack merit, the defendant properly has been certified under the Westfall Act as acting within the scope of her employment at the time of the alleged negligent act that injured the plaintiff and the plaintiff has offered no evidence otherwise to require a hearing on that point, the United States should be substituted as the defendant, and the plaintiff's exclusive remedy lies in the Federal Employees' Compensation Act (FECA). The Court, therefore, will overrule the plaintiff's objections, adopt the report and recommendation, and grant the motion to dismiss.

I.

As mentioned, the complaint in this case sounds in negligence. The plaintiff alleges that he worked as a nursing assistant at the Veterans' Administration (VA) Hospital in Saginaw, Michigan.

Marlene Johnson, the defendant, was the plaintiff's nurse manager. On December 30, 2002, while the plaintiff was at work, he announced that he did not feel well and decided to lie down. The plaintiff alleges that the defendant ordered him back to work, and when he refused she attempted to physically force him to return to his duties. As the defendant pulled on the plaintiff's hand in an effort to bring him to an upright position, the plaintiff alleges that she caused "severe and serious injuries including but not limited to injury to the right thumb, metacarpal phalangeal joint, traumatic arthritis, capsulitis, injury to tendons and ligaments and sequalae." Pl.'s Complaint 2.

In its motion to dismiss filed on behalf of Marlene Johnson, the United States alleges that the plaintiff filed a workers' compensation claim related to the incident. In support of that allegation, it has submitted a February 25, 2003 letter to the plaintiff from the VA workers' compensation department notifying the plaintiff that his claim was accepted. Gov.'s Mot. to Dismiss Ex. C. The claim was for a "Right Thumb Sprain." *Id.* The United States also has submitted a letter from a workers' compensation claim examiner to the VA hospital's chief of human resources. Gov.'s Mot. To Dismiss Ex. D. The claim examiner summarized the department's decision:

> [The plaintiff] is a Federal employee who sustained a disabling traumatic injury in the performance of duty. While you state that Ms. Johnson placed her hand on [the plaintiff's] arm and that she did not grab his hand, other witness statements support that she attempted to assist him by pulling his hand. . . . [The doctor's report] supports that the injury occurred as a result of work factors. Therefore, Mr. Pritchard [sic] has met his burden of proof and established that he sustained a work related injury.

*Ibid.*

On January 25, 2005, the plaintiff filed a complaint in the Saginaw County, Michigan circuit court alleging a single negligence count against defendant Johnson. The complaint asserts that the defendant breached duties owed to the plaintiff, including the duty "to conduct herself in a safe,

proper and negligent free manner towards Plaintiff," and as a result of the breach, the "plaintiff sustained severe and serious injuries." Pl.'s Compl. ¶ 11. On May 9, 2005, the defendant removed the action to this Court. On May 16, 2005, the government filed a motion to substitute the United States as defendant and to dismiss the plaintiff's complaint. This motion was referred to the magistrate judge on June 13, 2005. Magistrate Judge Binder filed his report and recommendation on August 31, 2005, recommending the Court grant the government's motion.

The magistrate judge's primary focus in his report was on the exclusive remedy bar of the Federal Employees' Compensation Act. He wrote that the plaintiff unequivocally stated in the complaint that the injury occurred during his employment at the VA hospital, and therefore, as explained in detail in *McEntee v. Henderson*, 154 F. Supp. 2d 1286, 1290-91 (S.D. Ohio 2001), the plaintiff's sole remedy under 5 U.S.C. § 8116(c) is provided in the FECA. Report at 5-6. The magistrate judge also mentioned that based on the allegations in the complaint that defendant Johnson was also a government employee, the claim must arise under the Federal Tort Claim Act, which includes a requirement in 28 U.S.C. § 2675(a) of exhaustion of administrative remedies as a prerequisite to suit. Report at 7-9. He cited the plaintiff's failure to exhaust as an alternate ground for dismissal.

The plaintiff filed timely objections to the report and recommendation advancing two arguments. First, the plaintiff contends that the magistrate judge should have conducted a hearing to determine whether defendant Johnson was acting within the scope of her employment rather than accept the government's certification. Second, he contests the magistrate judge's ruling that the plaintiff cannot proceed absent exhaustion of remedies under the Federal Tort Claims Act because

"it is clear that Plaintiff's status as a federal employee precludes any rights under the Federal Tort Claims Act." Obj. at 2-3.

II.

The plaintiff does not contest the logic of the magistrate judge's report: if the defendant is a federal employee, then the action in effect is against the United States pursuant to 28 U.S.C. § 2679(d)(2) (stating that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding . . . shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant"); and if the plaintiff also was a federal employee at the time, his exclusive remedy lies in the FECA. Rather, the plaintiff attacks the underlying premise of this argument by claiming that the Court may not accept the allegation on its face, even after proper certification by the Attorney General or his designate, that the defendant was acting within the scope of her employment. The plaintiff contends that *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995), supports his argument.

The Court believes, however, that the plaintiff reads too much into the Supreme Court's decision in *Gutierrez de Martinez*. Although the Court there held that the Attorney General's certification decision is reviewable by the district court, it did not mandate a hearing on scope-of-employment questions in every case, and it did not discuss the standard of review. Rather, it left the latter issue for the court of appeals to decide on remand to the Fourth Circuit.

On remand, the Fourth Circuit Court of Appeals summarized the procedure to be followed:

> In short, the scope-of-employment certification is prima facie evidence that the defendant federal employee acted within the scope of his employment, thereby

> placing the burden on the plaintiff to prove otherwise. If the plaintiff does not come forward with any evidence, the certification is conclusive. Moreover, the plaintiff's submission must be specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation. If the plaintiff's evidence is sufficient to carry the burden of proof, the defendant federal employee or the Government may come forward with evidence in support of the certification. At this point, the district court may permit (and limit) any needed discovery. Thereafter, the district court must determine whether there are any genuine issues of fact material to the scope-of-employment decision, and, if so, it may conduct an evidentiary hearing to resolve these factual issues. Once any factual issues are resolved, the district court should weigh the evidence on each side to determine whether the certification should stand. During this process, the district court should remain cognizant of the considerations weighing against protracted litigation under the Westfall Act.

*Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir. 1997). The Supreme Court denied certiorari on this decision, *Gutierrez de Martinez v. Lamagno*, 522 U.S. 931 (1997), and the Sixth Circuit has cited this case with approval in an unpublished decision. *See Gilbar v. United States*, 229 F.3d 1151 (Table), 2000 WL 1206538 (6th Cir. 2000) (unpublished).

The Westfall Act, 28 U.S.C. § 2679, authorizes the Attorney General to certify that a government employee who has been sued was acting within the scope of employment at the time of the incident. A regulation authorizes the local United States Attorney to make that certification as well. *See* 28 C.F.R. § 15.4. Although initially the defendant did not comply strictly with the applicable procedures, eventually proper certification was furnished. Therefore, the government has met its obligation to establish *prima facie* that defendant Johnson was acting within the scope of her employment.

The plaintiff is correct that the certification decision is reviewable by a court, but a plaintiff challenging the certification decision bears the burden to prove certification was inappropriate and is required to submit some evidence or argument that the action in question was not within the scope

of employment. *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155. "[M]ere conclusory allegations and speculation" are insufficient to overcome the certification. *Ibid.*

The plaintiff's objections do not provide any evidence from which the court could conclude that the defendant's actions were not within the scope of her employment. The plaintiff merely objects to the finding that the defendant acted within the scope of her employment and requests a hearing. A hearing is only necessary to decide the scope-of-employment issue if there are disputed issues of fact. *See Gilbar*, 229 F.3d 1151 (Table), 2000 WL 1206538 at *3. In this case, the government brought its motion under Federal Rule of Civil Procedure 12(b)(1). "[W]here the facts are relatively simple, [and] substantially uncontroverted, and the law is not complex, . . . a district court [is] justified in ruling on a motion under Fed. R. Civ. P. 12(b)(1) without pausing to make findings on disputed questions of fact." *Commodities Export Co. v. United States Customs Serv.*, 888 F.2d 431, 436-37 (6th Cir. 1989) (internal quotation marks and citation omitted). The government has not disputed the facts as set forth in the plaintiff's complaint, and the Court therefore can assess the certification based on the pleadings alone. An evidentiary hearing in this case is not necessary. *See Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (holding that in ruling on a motion under Rule 12(b)(1), "the [district] court assumed all of the plaintiff's factual allegations to be true. Because there were no facts in dispute, there was no need for an evidentiary hearing").

When a district court reviews a scope of employment certification, it looks to the law of the state where the incident in question occurred.

> Whether an employee's actions are within the scope of his employment for purposes of the Westfall Act is an issue that must be determined in accordance with the law of the state where the incident occurred. Accordingly, under Michigan law an employee is acting within the scope of his employment if he is engaged in the service

> of his master. The determinative question is whether the employee's actions are within his authority. Furthermore, an employee's actions may be within the scope of his or her employment even if the actions constitute intentional torts. The scope of employment issue is regarded as one of law, not fact.

*Arbour v. Jenkins*, 903 F.2d 416, 421-22 (6th Cir. 1990) (internal citations omitted). Under Michigan law,

> The purpose of the service rendered by the employee, and not the method of performance, is the test of whether or not the servant is within the scope of his employment. If the purpose is to further the master's business and not that of the servant, the latter is within the scope of his employment though he be negligent or disobeys orders as to the method of its execution.

*Renda v. Int'l Union, United Auto., Aircraft and Agric. Implement Workers of Am.*, 366 Mich. 58, 95, 114 N.W.2d 343, 361 (1962).

In his complaint, the plaintiff alleged that he was employed by the VA hospital, the defendant also was employed by the VA hospital and was his supervisor, and the injury occurred during an altercation over the plaintiff's attempt to take a work break and the defendant's insistence that he return to work. Compl. ¶¶ 4-7. It plainly appears from the allegations in the plaintiff's own complaint that the certification by the Attorney General's designate that the defendant was acting within the scope of her employment was correct, and the plaintiff has offered no legitimate factual or legal basis to challenge that certification.

The plaintiff's second objection has merit, but it helps him not at all. The way the Court reads that objection, the plaintiff asserts that because he is a federal employee, he cannot bring an action against the United States under the Federal Tort Claims Act, and therefore the administrative exhaustion requirements of that Act do not apply to him. The Court agrees that the plaintiff may not sue his supervisor under the FTCA or any other federal statutory or common law theory; his exclusive remedy is the federal workers' compensation mechanism. 5 U.S.C. § 8116. That

proposition was settled in this Circuit almost forty years ago in *Vantrease v. United States*, 400 F.2d 853 (6th Cir. 1968), a virtual template for the present matter. The court explained:

> Plaintiff was injured while within the scope of his employment as a mail carrier for the United States Post Office when struck by a car driven by another Post Office employee, Cameron, who was also within the scope of his employment. Plaintiff received benefits under the Federal Employees' Compensation Act . . . and then brought a common law negligence action against Cameron in the state courts of Michigan. Upon certification by the United States Attorney that Cameron was acting within the scope of his employment at the time of the incident, the cause was removed to the United States District Court . . . and the United States was substituted as the party defendant.
>
> . . .
>
> [W]hen a claimant such as plaintiff here is a federal employee who is entitled to benefits under the Federal Employees' Compensation Act, he cannot recover against the United States under the Tort Claims Act since the compensation act provides that 'the liability of the United States or any of its instrumentalities under sections 751-756, 757-781, 783-791 and 793 of this title or any extension thereof with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States or such instrumentality to the employee . . . .' 5 U.S.C. § 757(b) (now recodified, 5 U.S.C. (Supp.II) § 8116(c)).
>
> . . .
>
> Plaintiff does not assert a right of action against the United States. In this respect it is clear that a federal employee's exclusive remedy against the United States for injuries sustained while within the scope of employment is under the Federal Employees' Compensation Act. . . . However, even though plaintiff was injured while within the scope of his employment and collected benefits under the federal compensation act, he contends that he is entitled to pursue his common law action against the alleged tortfeasor, and that the District Court erred in denying his motion to remand the cause.
>
> . . .
>
> We believe this argument was properly rejected.

*Id.* at 854-55 (citations omitted).

The magistrate judge's observations on the FTCA's administrative requirements were offered as an alternative basis for the dismissal of the case. There is no need, however, to address

that ground because, as the plaintiff observes, he cannot bring an action against a co-worker or supervisor under that Act in the circumstances of this case.

III.

The Court finds that the magistrate judge correctly determined the issues presented in this case by the motion of the United States. Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation is **ADOPTED.**

It is further **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to substitute the United States as a party defendant and dismiss the complaint [dkt # 2] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED** with prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 8, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS